**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| GARY RAY BARRON,      ) | |
|       ID # 1223067,      ) | |
|             Petitioner,      ) | |
| vs.      ) | No. 3:08-CV-1217-K (BH) |
|       ) | ECF |
| NATHANIEL QUARTERMAN, Director,      ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal      ) | |
| Justice, Correctional Institutions Division,      ) | |
|             Respondent.      ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge February 26, 2004, convictions for delivery of a controlled substance in Cause Nos. F97-55679-M and F03-55816-M. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**A.  Procedural and Factual History**

On December 3, 1997, the State indicted petitioner for possession with intent to deliver cocaine in Cause No. F97-55679-M. (Trial Transcript at 2-3). He entered an open plea of guilty to the charged offense on December 14, 1998, pursuant to a plea agreement. (*Id*. at 19-24; R. 2:6-8). On January 29, 1999, the trial court deferred an adjudication of guilt in this case, made a deadly weapon finding, and placed petitioner on probation for six years. (R. 3:18-20). On March 30, 2001, the State filed its first motion to revoke probation and adjudicate guilt based on petitioner's failure

to report, pay fees, and complete required treatment and community service. (Tr.:30-31). At a hearing on June 26, 2001, petitioner plead true to the allegations contained in the motion. He also testified that after he was released on parole for a different offense, he did not understand that he was both on parole for that offense and on probation for the offense for which he was placed on deferred adjudication. (R. 4:3, 8-18). The trial judge denied the State's motion and continued petitioner's probation. (R. 4:26-27).

On November 13, 2003, the State filed a second motion to revoke probation and adjudicate guilt based on a new offense (delivery of cocaine in Cause #F03-55816-M), a positive urinalysis for cocaine, and failure to report, pay fees, and complete community service and drug treatment. (Tr.:40-42). At a hearing on February 26, 2004, petitioner made an open plea of guilty to the new offense. He also pled true to the allegations contained in the State's motion to adjudicate guilt after being advised that the range of punishment was five years to life imprisonment, and that because a deadly weapon finding had been made, he would have to serve half of any sentence he received before being eligible for parole. (R. 5:2-7). Petitioner and his mother both testified at the hearing. (R. 5:8-29; 31-33). The undercover officer who bought the cocaine from petitioner in 2003 also testified. (R. 5:34-39). The trial court accepted petitioner's pleas of guilty and true, granted the State's motion to adjudicate, and sentenced petitioner to a two-year sentence in the 2003 case and a fifty-year sentence in the 1997 case. (R. 5:41-42).

Petitioner's appellate counsel filed an appeal brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that the appeal was frivolous and without merit, and petitioner filed a response to this brief. The Fifth District Court of Appeals affirmed petitioner's convictions in an unpublished opinion. *Barron v. State*, Nos. 05-04-00363-CR, 05-04-00364-CR (Tex. App. – Dallas,

Jan. 6, 2006). Petitioner's petitions for discretionary review were refused on May 17, 2006. *Ex parte Barron*, PD-0379-06, PD-0380-06 (Tex. Crim. App. May 17, 2006). On October 16, 2007, petitioner filed state applications for writ of habeas corpus in both cases in which he raised most of the issues he raises in his federal petition. (State Habeas Transcript[W97-55679-M(A)]:2-20; S.H.Tr.[W03-55816-M(A)]:2-13). The Court of Criminal Appeals denied petitioner's state applications without written order on the findings of the trial court without an evidentiary hearing. (*Id*. at covers).

On July 15, 2008, petitioner filed his petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9).[1] He filed an amended petition and a memorandum in support on July 22, 2008, and he filed an additional memorandum on August 27, 2008. Respondent filed an answer on October 15, 2008, (*see* Answer) and provided the state-court records. No reply brief was filed by petitioner.

**B. Substantive Issues**

In his amended petitioner, petitioner asserts that:

(1) his due process rights were violated by the state habeas process because the state habeas court did not conduct a full and fair live evidentiary hearing and the judge was not the trial judge from his 2004 hearing;

(2) the evidence is factually insufficient to support the deadly weapon finding in his 1997 case;

(3) the trial court violated his due process rights because a punishment hearing was not conducted after he was adjudicated guilty in his 1997 case;

(4) his trial counsel was ineffective for failing to object to the lack of a punishment hearing and failing to inform petitioner that he had a right to a punishment hearing;

---

[1] *See also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

and

(5) his due process rights were violated because the trial court failed to make an oral affirmative deadly weapon at the adjudication hearing.

Respondent does not contend that petitioner failed to exhaust any of his claims at the state level.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

4

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

5

### III. STATE HABEAS PROCEEDINGS

In his first claim, petitioner asserts that the state habeas proceedings were unfair and that the findings made by the state habeas court should not be afforded a presumption of correctness because the same judge did not preside over the state habeas process as did over his adjudication hearing and because no live evidentiary hearing was conducted.

In *Valdez v. Cockrell*, 274 F.3d 941 (5th Cir. 2001), the Fifth Circuit rejected a similar challenge to the application of the presumption of correctness to state court findings based on the allegation that the petitioner had not received a full and fair hearing before the state court. The Fifth Circuit held that in cases governed by the AEDPA, a full and fair hearing at the state court level is no longer a "prerequisite to operation of AEDPA's deferential framework" as it was under pre-AEDPA standards. *Id.* at 948. Thus, petitioner's argument that the state court's factual findings are not entitled to deference due to an inadequate state court hearing process fails under *Valdez,* and AEDPA's presumption of correctness applies in this case.

Regarding petitioner's general assertion that the state habeas process was unfair, federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *accord* 28 U.S.C. § 2254(a). Furthermore, this Court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors). "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas proceedings do not

constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Petitioner is not entitled to relief on the basis of this claim, and it should be denied.

## IV. DEADLY WEAPON FINDING

In his second ground for relief, petitioner asserts that the evidence is factually insufficient to show that he exhibited or used a deadly weapon in his 1997 case. In particular, petitioner asserts that he was not the owner or the renter of the house where the firearm was found, and that the firearm found in the house was concealed in another room and was not near the drugs that were confiscated. (Memo One at 12). In his fifth ground for relief, petitioner asserts that his due process rights were violated because a deadly weapon finding was entered on the judgment for his 1997 case, but was not orally pronounced by the judge at the adjudication hearing.

The state habeas court found that sufficiency of the evidence is not properly raised in a state habeas application and that petitioner could not challenge the sufficiency of the deadly weapon finding because he previously testified that he possessed firearms in order to possess and deliver drugs and to protect himself. (S.H.Tr.[W97-55679-M(A)]:36-37). With regard to petitioner's claim regarding the oral pronouncement of the finding, the state habeas court found that the trial court made an affirmative finding of a deadly weapon at the guilty plea hearing and the revocation hearing. (*Id*. at 37). The state habeas court the concluded that these two claims should be denied. *Id*. The Court of Criminal Appeals denied relief on its merits with respect to these claims (*Id*. at cover), and that conclusion is not contrary to federal law.[2]

Pursuant to the Texas Constitution and statutory authority, Texas appellate courts conduct

---

[2] Pointing to these findings by the state habeas court, respondent contends that petitioner's factual sufficiency claim is procedurally barred because it was held to be procedurally barred at the state level based on the failure to raise it on direct appeal. Because this Court has determined that the claim is without merit, it bypasses the procedural issue and addresses the claim on its merits.

7

factual sufficiency reviews of the evidence. *Braswell v. Dretke*, No. 3:02-CV-0342-M, 2004 WL 2583605, at *7 (N.D. Tex. Nov. 12, 2004) (recommendation of Mag. J. citing *Clewis v. State*, 922 S.W.2d 126, 129-30 (Tex. Crim. App. 1996)), *accepted by* 2005 WL 1058865 (N.D. Tex. May 2, 2005). While Texas has utilized the more exacting factual sufficiency standard, this standard does not implicate federal constitutional concerns. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). Claims of factual insufficiency are "not cognizable on federal habeas review." *Spencer v. Dretke*, No. 3:02-CV-1988-D, 2005 WL 696719, at *4 n.2 (N.D. Tex. Mar. 23, 2005) (recommendation of Mag. J.), *accepted by* 2005 WL 955969 (N.D. Tex. Apr. 26, 2005).

Moreover, even were this Court to conduct a legal sufficiency analysis, as permitted under federal law, petitioner's claim would fail. In *Jackson v. Virginia,* 443 U.S. 307, 320 (1979), the United States Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* A federal habeas court should not substitute its view of the evidence for that of the fact-finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Here, the record indicates that after pleading guilty to this offense, petitioner admitted on cross-examination during the sentencing hearing on January 29, 1999, that there was a gun in the room where he and the other man he was dealing drugs with were cutting the cocaine. Petitioner also acknowledged that the purpose of possessing the gun was to protect themselves and the drugs because drug-dealing is a dangerous business. (R. 3:8-9). When sentencing petitioner to deferred

adjudication, the trial judge made an oral finding that a deadly weapon was used and exhibited during the course of the commission of the offense. (R. 3:19). The Court of Criminal Appeals has held that one can "use" a deadly weapon without exhibiting it, such as when it is possessed by a drug dealer to protect the drug supply and cash. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). Petitioner has failed to establish that the evidence is insufficient to support the deadly weapon finding.

With regard to petitioner's assertion that his due process rights were violated because the judge did not orally pronounce the deadly weapon finding at the adjudication hearing in 2004, the record reflects that when petitioner pled true to the probation violations alleged by the State in its second motion to adjudicate guilt, the trial judge asked petitioner if he understood that a deadly weapon finding had been made when he entered his plea on the 1997 case and that he would therefore have to serve half of any time he received before being eligible for parole. (R. 5:5-6). Petitioner responded that he did understand this and still wanted to plead true. (R. 5:6). Petitioner has presented no support for his claim that his due process rights were violated because the trial judge did not again make a specific affirmative finding at the 2004 adjudication hearing after having made one at the 1999 plea hearing. Petitioner's claims regarding the deadly weapon finding provide no basis for habeas relief in this action, and they should be denied.

## V.  PUNISHMENT HEARING

In his third ground for relief, petitioner asserts that his due process rights were violated because the trial court did not conduct a punishment hearing at the time that his guilt was adjudicated in his 1997 case and he pled guilty in his 2003 case, thus preventing him from

9

presenting mitigating evidence.[3]

The state habeas court found in both cases that petitioner testified and presented on the issue of punishment and that petitioner did not request and was not denied an additional or separate hearing on punishment. (S.H.Tr.[W97-55679-M(A)]:37; S.H.Tr.[W03-55816-M(A)]:26). The state court also found that petitioner was not denied effective assistance of counsel. (*Id.* at 36; *Id.* at 26). The Court of Criminal Appeals denied relief based on these claims in both cases on the merits (*Id.* at covers), and that denial is not contrary to federal law.

The record reflects that during petitioner's adjudication hearing in his 1997 case and guilty plea hearing in his 2003 case, petitioner's attorney called both petitioner and his mother as witnesses. (R. 5:7-33). Besides testifying about the particulars of the 2003 case and acknowledging that he did not pay his fines and court costs, go to drug offender treatment, perform the community service that was ordered, or report to his probation officer on several occasions, and that he tested positive for cocaine, petitioner apologized to the trial judge and asked for leniency. (R. 5:14-19). He testified about his wife, their three young children, and his love for them as well as his ability to successfully complete probation. (R. 5:18). Petitioner also acknowledged on cross-examination that his three children were with him in the car when he sold cocaine to the undercover officer. (R. 5:19). Petitioner's mother testified that she was asking the trial judge to continue petitioner's probation, that he needed assistance finding a job, that petitioner had been going to church with her and her husband, and that petitioner needed to stay away from the wrong people. (R. 5:31-32).

---

[3] Respondent contends that this Court does not have jurisdiction to consider any ground for relief concerning petitioner's 2003 case because petitioner has already served his sentence in that case and therefore any issue concerning that conviction is moot. Again, rather than address the more difficult question of mootness, and because these grounds concern both the 1997 and the 2003 convictions, this Court will, in an abundance of caution, include the 2003 case in its analysis, as well.

Petitioner therefore did present mitigation evidence at the adjudication/guilty plea hearing through his own testimony and the testimony of his mother, and his claim that he was not afforded a punishment hearing in which to present mitigation evidence is without merit.

Petitioner in essence complains that he wanted to present more evidence in mitigation but was not permitted to do so by the court. The state habeas court found, and petitioner has offered no evidence to the contrary, that petitioner did not request an opportunity to present additional punishment evidence. His third ground for relief is therefore without merit and should be denied.

## VI.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth ground for relief, petitioner asserts that his attorney was ineffective for failing to object to the court's failure to conduct a punishment hearing and failing to present additional mitigation evidence. He asserts that if permitted, he would have offered evidence that he did not use or exhibit a firearm during the 1997 offense, testimony from his wife that he is a good husband and father, and testimony from his probation officer that it would have been preferable for him to continue on probation and seek out drug addiction programs. (Memo One at 15). Petitioner also asserts that his co-defendant was willing to testify that petitioner's involvement with the drug business was "minimal" and did not warrant a stiff sentence. (*Id*. at 16).

To successfully state a claim of ineffective assistance of counsel under existing precedent of the United States Supreme Court, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a petitioner alleges he was denied effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A failure to establish either prong of the *Strickland* test requires a finding that

11

counsel's performance was constitutionally effective. *See* 466 U.S. at 696. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioner has not shown that counsel was ineffective for failing to present additional evidence. After initially testifying that another woman was with him during the 2003 drug sale, petitioner testified at the hearing that his wife was with him and participated in the drug deal. (R. 5:28-30). Upon questioning from the trial judge, the prosecutor stated that the grand jury was set to hear the wife's case several days later. (R. 5:30). When pronouncing petitioner's sentences in the two cases, the trial judge stated that both he and his wife were the worst role models for their children, that petitioner had been given chance after chance, and that he had thumbed his nose at the system. (R. 5:41). Although petitioner asserts that testimony from his probation officer would have been helpful, he admitted that even after being given a second chance a couple of years earlier, he failed to report numerous times, failed to do any ordered community service, failed to pay fines and court costs and, most importantly, failed to enroll in any drug treatment program, and instead tested positive for cocaine. Petitioner has not shown that any testimony from his wife or probation officer would have been helpful.

Finally, petitioner asserts that he should have been permitted to present evidence that he did not own the firearm in the 1997 case and that his co-defendant in that case viewed him as a minor participant, and he asserts that his attorney knew that he wanted to present evidence on these issues. (Memo One at 19). However, petitioner had pled guilty to this offense several years earlier and outlined his participation in that crime at that time. Petitioner has failed to allege, or show, that that guilty plea was an involuntary one. Petitioner's counsel was not ineffective for failing to present

12

this evidence in an attempt to re-try a case that petitioner had already pled guilty to. *See Williams v. Cain*, 125 F.3d 269, 278 (5th Cir. 1997) (noting that a failure to present evidence at trial does not constitute "deficient performance" under the *Strickland* standard if counsel could have concluded, for tactical reasons, that presenting such evidence would be unwise). Petitioner's fourth ground for relief is without merit and should be denied.

## VII. STATE CONSIDERATION OF CLAIMS

Petitioner raised most of his claims in his state writ. The Court of Criminal Appeals denied the state writ on the findings of the trial court, and thus petitioner's claims were adjudicated on the merits. These decisions at the state level are consistent with, and involved no unreasonable application of, applicable Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in his petition.

## VIII. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED on this 15th day of July, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE